```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION
```

| | | |
|---|---|---|
| DANIEL T. MORRIS, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| 5. | § | CIVIL ACTION NO. H-07-1396 |
| | § | |
| FINANCIAL CASUALTY & SURETY, | § | |
| INC., et al., | § | |
| | § | |
|     Defendants. | § | |

**ORDER**

Pending before the court are Plaintiff's Motion for Leave to File Amended Complaint for Damages (Docket Entry No. 52), Plaintiff's Motion to Strike (Docket Entry No. 61) and the responses filed thereto.

    1.  <u>Motion for Leave to Amend</u>

Although Plaintiff's motion for leave to amend is within the time limits specified in the Scheduling Order, leave to amend is not automatic. <u>Little v. Liquid Air Corp.</u>, 952 F.2d 841, 845-46 (5th Cir. 1992). Defendants oppose the motion on the ground that the amendment would be futile. See <u>Martin's Herend Imps., Inc. v. Diamond & Gem Trading United States of Am. Co.</u>, 195 F.3d 765, 771 (5th Cir. 1999).

In his proposed amended complaint, Plaintiff alleges that in September 2006, he sued several of the defendants for state law causes of action in Terrebonne Parish, Louisiana.[1] The Terrebonne

---

[1] <u>See</u> Amended Complaint for Damages, Docket Entry No. 52, Ex. 1, pp. 9, 20, 22.

Parish Sheriff's Office served Defendant Wren with a subpoena duces tecum, which required the production of documents that Plaintiff believed would illustrate a pattern of deceptive business practices.[2] Sometime later, Defendants Fanguy and Wren contacted Plaintiff directly and threatened him physically in an effort to coerce him into abandoning the state litigation.[3] Defendant Fanguy also contacted a witness for Plaintiff and demanded, under threat of adverse consequences and promise of financial gain, that the witness change his testimony.[4] Upon refusal by the witness, Defendant Fanguy directed his efforts toward the witness's mother, using the same tactics.[5] When she refused to assist him, Defendants Fanguy and Financial Casualty took action that effectively precluded her ability to pursue her bail bond business in Lafourche Parish.[6] Fanguy also warned her that if she did not cooperate with his demands, Fanguy's company, A-1, would no longer pursue her bail bond fugitives at no charge. As a result of Fanguy's intimidation, the witness left the parish and, presumably, is unavailable as a witness for Plaintiff. Plaintiff charges that the Defendants' actions to subvert his state lawsuit violate 42

---

[2]   See id. at p. 4.

[3]   See id. at pp. 5, 6.

[4]   See id. at p. 6.

[5]   See id. at p. 7.

[6]   See id. at p. 7.

U.S.C. § 1985(2).

Section 1985(2) generally proscribes conspiracies that interfere with the administration of justice in federal court [first clause] and conspiracies to obstruct the course of justice in state court [second clause].[7]

Here, Plaintiff claims protection under the second clause. Unlike the first clause, which does not require a class-based animus,[8] the second clause requires that the intent of the conspiracy either be (1) to deny a person of the equal protection of the laws or (2) to injure a person or his property for enforcing the right of a person or class of persons to the equal protection of the laws. Magic Carpet Limousines v. DFW Int'l Airport, 72 Fed. App'x 1001, 1002 (5th Cir. 2003)(citing Bradt v. Smith, 634 F.2d 796, 799 (5th Cir. 1981)). The Fifth Circuit has held that "[a]n

---

[7] Section 1985(2) provides as follows:
If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any court, or to injure such juror in his person or property on account of any verdict, presentment or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

[8] See Kush v. Rutledge, 460 U.S. 719, 726-27 (1983)("[I]t is clear that Congress did not intend to impose a requirement of class-based animus on persons seeking to prove a violation of their rights under the first clause of § 1985(2)").

allegation that the defendants are motivated by some class based discrimination is essential to the maintenance of a suit" under 42 U.S.C. § 1985(2).  Deville v. Nehrbass, 37 F.3d 633, *1 (5th Cir. 1994)(quoting Ryland v. Shapiro, 708 F.2d 967, 973 n.7 (5th Cir. 1983)).

In the present case, Plaintiff makes no allegation that the intent of Defendants' conspiracy was motivated by a racial or class-based animus with the intent to deprive him of the equal protections of the law.  Instead, Plaintiff alleges that Defendants' actions have "thwarted the adjudication of in solido liability upon Defendant Wren."[9]  As a matter of law, Plaintiff's allegations fail to state a claim for relief under 42 U.S.C. § 1985(2), and an amendment to add such a claim would be futile.

For the reasons discussed above, Plaintiff's Motion for Leave to File Amended Complaint is **DENIED**.  The court has previously dismissed Plaintiff's claim under the Racketeer Influenced and Corrupt Organizations Act[10] ("RICO").  See Docket Entry Nos. 47 and 51.  Because Plaintiff is unable to amend his complaint, this action must be dismissed.

2. Motion to Strike

Plaintiff has moved to strike Defendants' Response to Plaintiff's Motion for Reconsideration (Docket Entry No. 58) on the

---

[9] Amended Complaint, Docket Entry No. 52, Ex. 1, p. 12.

[10] 18 U.S.C. §§ 1961-1968.

ground that Defendants failed to oppose an earlier motion to strike filed in July 2007.  Because the court has ruled on Plaintiff's Motion for Reconsideration,[11] Plaintiff's Motion to Strike Defendants' Response is **MOOT**.

**SIGNED** in Houston, Texas, this 14th day of February, 2008.

Nancy K. Johnson
United States Magistrate Judge

---

[11]    See Order, Docket Entry No. 60.